# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT MERRITT,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-1054** |
| : | |
| **EARL SUPPLEE,** *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                                    **JUNE 23, 2020**

*Pro se* Plaintiff Robert Merritt has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming as Defendants Earl Supplee, a criminal defense attorney, and Mehmeti Bejtullah, a police officer. He also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Merritt will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS[1]

Merritt's Complaint is brief, and the handwriting is difficult to understand. He appears to assert that Bejtullah arrested him without probable cause when Merritt, an African American male, was spotted by Bejtullah in the company of a white woman who Merritt asserts is his common law wife. He alleges that Attorney Supplee violated his rights by not providing him a meaningful defense and ensuring that the judge in the case was neutral. Merritt seeks damages of $100 million.

A review of public records confirms that Merritt was charged on December 14, 2018 by Defendant Bejtullah with simple assault, harassment and disorderly conduct charges. *See*

---

[1] The factual allegations are taken from Merritt's Complaint. (*See* ECF No. 1.)

*Commonwealth v. Merritt*, No. CP-39-CR-5614-2018 (Lehigh Cty. C.C.P.). On March 19, 2019, while represented by counsel, Merritt entered pleas of *nolo contendere* to charges of harassment and disorderly conduct and the simple assault charge was withdrawn. He was later sentenced to 90 days probation. On April 4, 2019, Merritt filed a *pro se* notice of appeal and appellate counsel was appointed to represent him. A concise statement of errors complained of on appeal was filed by counsel on May 28, 2019.

While his appeal was pending, Merritt's probation was revoked on two occasions. He received a *Gagnon II* hearing on May 13, 2019, resulting in a revocation and was sentenced to serve the balance of his term in the Lehigh County Prison. On September 3, 2019 he received another *Gagnon II* hearing, but no further supervision was ordered. On September 13, 2019, the Pennsylvania Superior Court entered an order granting Merritt's counseled motion to discontinue his appeal.

This is not the first time Merritt has sued Bejtullah and Supplee. In *Merritt v. Banach*, Civ. A. No. 19-2784, Merritt named these two Defendants along with the trial judge and prosecutor in his state criminal case, the Allentown Police Department, Lehigh County and the Commonwealth of Pennsylvania. In a Memorandum and Order filed on July 15, 2019, the Complaint was dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.*, ECF Nos. 5, 6.) The claim against Supplee was dismissed because criminal defense attorneys are not "state actors" under 42 U.S.C. § 1983 and the claim against Bejtullah was dismissed because the false arrest claim against him was implausible.

## II.     STANDARD OF REVIEW

The Court will grant Merritt leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which among other things, requires a Court to dismiss a complaint that is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Additionally, "[r]es *judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (per curiam).  As Merritt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Although Merritt has been released from custody, he filed this action while he was still incarcerated.  Release from incarceration does not eliminate the obligation of payment of a filing fee that could and should have been met from a prisoner's institutional account while his imprisonment continued.  *Lyles v. Delaware*, Civ. A. No. 18-173, 2018 WL 6605223, at *4 (D. Del. Dec. 17, 2018).  Numerous courts have held that subsequent release from prison does not relieve a prisoner of the obligation to pay the filing fee.  *See Drayer v. Attorney Gen. of Delaware*, 81 F. App'x 429, 431 (3d Cir. 2003) (non-precedential) (holding that "if a litigant is a prisoner on the day he files a civil action, the PLRA applies"); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 899 (7th Cir. 1997).  *In forma pauperis* status merely "defers, but does not permanently excuse, the payment of filing fees." *Smith*, 114 F.3d at 1251; *see also Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.") (internal quotation marks and citations omitted) (emphasis in original); *Robbins*, 104 F.3d at 898 ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").  Accordingly, Merritt must still make an initial partial payment of the filing fee required by 28 U.S.C. § 1915(b).  Based upon Merritt's prison account statement, the required payment is $0.23.

## II.     DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Merritt's claims against Bejtullah and Supplee are barred by claims preclusion, also known as *res judicata*, because the same claims were already dismissed with prejudice in Civ. A. No. 19-2784. *See Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (explaining that three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." (internal quotation marks omitted)). Merritt's prior claim against Bejtullah was dismissed with prejudice as implausible since the only basis of the claim was the allegation that Bejtullah himself was subsequently arrested on unrelated charges. (*Banach*, ECF No. 5 at 4.) The claim against Supplee was dismissed with prejudice in that case because criminal defense attorneys are not state actors subject to liability under § 1983. (*Id.*) Because the claims were dismissed with prejudice and Merritt did not appeal the dismissal, he may not raise those claims, or any others based on the same operative facts, in a new civil action. His new Complaint, accordingly, is legally frivolous and will be dismissed.

An appropriate Order granting leave to proceed *in forma pauperis* and dismissing the Complaint with prejudice follows. The same Order denies Merritt's Motion for Appointment of Counsel as moot.

BY THE COURT:

_____
JEFFREY L. SCHMEHL, J.